Webber W. Beall, Jr. and Tom J. Stollenwerck, Touchstone, Bernays & Johnston, Dallas, for appellee.

**Linda BIRDOW, Individually and as next friend of Alisicha Birdow, a minor, Appellant,**

v.

**TEXAS FARMERS INSURANCE COMPANY, Appellee.**

No. 5878.

Court of Civil Appeals of Texas, Waco.

June 22, 1978.

## OPINION

JAMES, Justice.

This is an appeal from a summary judgment. Plaintiff-Appellant Linda Birdow, individually and as Next Friend of Alisicha Birdow, brought this suit against Defendant-Appellee Texas Farmers Insurance Company to recover benefits under a Personal Injury Protection endorsement on an automobile liability policy issued by Appellee Insurance Company. The trial court

granted the Defendant-Appellee's motion for summary judgment on the ground that the policy in question had expired and was no longer in effect at the time of the accident, from which judgment Plaintiff-Appellant appeals. We affirm.

Appellant's sole point of error asserts the trial court erred in granting the summary judgment in favor of Defendant-Appellee "because there exists a fact issue as to whether the personal injury protection insurance is a policy of sickness and accident insurance and thereupon subject to the grace period requirements of Article 3.70–3(A)(3) of the Texas Insurance Code." We overrule this point of error and affirm the trial court's judgment.

On August 6, 1974, the Insurance Company issued to Euriah Birdow a policy of automobile insurance, issued upon assignment from the Texas Automobile Insurance Plan (better known as the Assigned Risk Pool). Euriah Birdow is the husband of Linda Birdow, Plaintiff-Appellant herein. The policy provided that it became effective at 12:01 AM on August 6, 1974 and would expire at 12:01 AM August 6, 1975. On or about June 18, 1975, Appellee Insurance Company mailed an expiration notice to Euriah Birdow explaining to him that the policy in question would expire at 12:01 AM on August 6, 1975, unless he paid the renewal premium fifteen days prior to said date. Euriah Birdow failed to pay the renewal premium at any time prior to the expiration date, or at any time thereafter. Plaintiff-Appellant Linda Birdow brought this suit under the Personal Injury Protection coverage of the policy for personal injuries sustained as a result of an automobile accident which occurred on August 9, 1975.

Plaintiff-Appellant has not disputed the fact that the policy had expired prior to her accident, but bases her right to recovery solely on the theory that the Personal Injury Protection endorsement is a "policy of accident and sickness insurance" as defined by Article 3.70–1(B)(3) of the Texas Insurance Code and is therefore subject to the ten day grace period mandated by Article 3.70–3(A)(3) of the Texas Insurance Code. We do not agree.

Subchapter G of the Texas Insurance Code, beginning with Article 3.70–1 and ending with Article 3.70–11, inclusive, is entitled "Accident and Sickness Insurance." Article 3.70–1(B)(3) defines "Policy of accident and sickness insurance" as including "any policy or contract providing insurance against loss resulting from sickness or from bodily injury or death by accident or both."

Article 3.70–3(A)(3) requires a grace period of ten days to be provided in "Accident and Sickness Policies" for monthly premium policies "for the payment of each premium falling due after the first premium, during which grace period the policy shall continue in force."

Appellant's argument is that the personal injury protection endorsement on her automobile insurance policy, being "accident and sickness" insurance coverage, did not expire on August 6, 1975, but such coverage continued on for ten more days of the grace period until August 16, 1975. Since Appellant's accident occurred on August 9, 1975, Appellant reasons that her personal injury protection was in full force and effect at the time of her accident.

Appellant's argument cannot stand, because the policy in question is expressly excluded by statute from the operation of the grace period provision required by Article 3.70–3(A)(3) of the Texas Insurance Code. Article 3.70–8 of said Code in its pertinent parts provides:

"Nothing in this Act shall apply to or affect . . . any policy of liability insurance with or without supplementary expense coverage therein; . . . ."

The policy issued to Plaintiff-Appellant's husband by Defendant-Appellee containing the Personal Injury Protection endorsement was clearly a liability policy with supplementary expense coverage.

"Personal injury protection" coverage is described in Article 5.06–3(b) of the Texas Insurance Code, and in effect provides coverage up to a maximum amount of $2,500.00 per person for medical and other

enumerated expenses incurred by the named insured, members of the insured's household, or authorized operator or passenger of the insured's motor vehicle. Article 5.06–3(a) in effect requires that automobile liability insurance policies (including those issued pursuant to the Assigned Risk Plan, as here) shall provide for personal injury protection coverage to be "provided therein or supplemental thereto."

It is undisputed that the policy in question is an automobile liability policy and the Personal Injury Protection endorsement was issued supplemental to said policy. Therefore, said policy was a liability policy with supplemental coverage and was thereby excluded by Article 3.70–8 from the grace period prescribed by Article 3.70–3(A)(3). This being so, said policy expired on August 6, 1975, and was not in effect at the time of Plaintiff-Appellant's accident on August 9, 1975. The record before us shows that there is no genuine issue of fact, and that Defendant-Appellee is entitled to judgment as a matter of law. Rule 166–A, Texas Rules of Civil Procedure.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.